Joseph PAVENTE, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff (American Stevedores, Inc., Third-Party Defendant).

Civ. No. 17051.

United States District Court E. D. New York.

Dec. 28, 1959.

Eugene A. Tomei, Brooklyn, N. Y., for plaintiff. Benjamin J. Sergi, Brooklyn, N. Y., of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendant and third-party plaintiff. Walter L. Hopkins, New York City, of counsel.

Garvey & Conway, New York City, for third-party defendant. George Conway, New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

The plaintiff seeks damages for personal injuries pursuant to the Tort Claims Act, 28 U.S.C. § 1346.

It is not disputed that on August 9, 1956, the date of the alleged accident, plaintiff was employed as a longshoreman by the third-party defendant, American Stevedores, Inc.; that from 8 A.M. on that day until about 4:15 P.M., the time of the alleged accident, he was engaged in conveying heavy cartons of merchandise by means of a high-low or fork lift, from a pier to a freight elevator at the Army Base in Brooklyn; that when loaded, a button was pressed and the elevator ascended to the second floor, where the contents of the elevator were removed and stored by plaintiff's coworker; that at the time mentioned, plaintiff had brought the last part of a particular shipment to the elevator and planned to accompany it to the second floor and then notify his coworker that it was the final part of such shipment; that he pressed the contact button; that the car ascended but stuck or jammed on the way up; that the plaintiff was entrapped in the elevator for about an hour until mechanics succeeded in raising the elevator to the second floor, where he was liberated from confinement; that the elevator had been regularly inspected and was in good working condition when plaintiff entered it at 4:15 P.M.

A principal issue of fact is whether the mechanics, in attempting to raise the elevator, caused it to drop suddenly, thereby injuring the plaintiff. He has presented several different versions. In a report, dated September 20, 1956, (third-party Ex. A) he stated that the elevator suddenly dropped down about two feet and the cargo fell on top of him. At the trial, more than three years later, he testified that the car dropped half a floor and thereafter dropped again to the extent of five or six feet and the cargo scattered. The plaintiff was his sole witness on this issue.

On the other hand, the defendants' witnesses included Daniel Brizenti, the foreman of mechanics who inspected the elevator shortly after the accident; James Connelly and Myles Keefe, the mechanics engaged in raising the elevator and freeing the plaintiff therefrom; Anthony Sparacio, plaintiff's foreman and Edward W. Teenan, an elevator expert.

The witness Keefe testified that he went to the penthouse, above the elevator opening, and operated the auxiliary motor, used in raising the elevator when the regular power is shut off; that he raised the elevator about two feet at a time; that it didn't drop back; that he observed the movement of the cables during the operation; that he was in constant communication with his fellow mechanic, Connelly, and that no boxes were scattered.

The witness Connelly stated that he remained on the second floor, observing the upward movement of the elevator by looking through the window of the elevator door; that the elevator rose a little at a time, that it didn't drop back; that few cartons were disturbed; that the plaintiff had no marks on him and walked away from the elevator cab without assistance.

The witness Brizanti testified as to damage to the elevator.

Sparacio averred that the plaintiff made no mention to him of a dropping of the elevator; that he had no bruises or marks on his face; that he did not complain of injury; that he said he didn't feel good and that he thought it came from something he ate.

The expert testimony was to the effect that it was impossible for the elevator to drop.

Not only has the plaintiff failed to establish his claim by a fair preponderance of credible evidence, but the defendants

have proved that the elevator did not drop and that plaintiff sustained no injuries on that afternoon.

Judgment is directed in favor of both defendants, with costs, with leave to the third-party defendant to apply for further relief.